In the Matter of PATRICIA M. and Another, Children Alleged to be Neglected.—Order unanimously reversed on the law and facts without costs and petition dismissed. Memorandum: The evidence in this child protective proceeding is insufficient to establish that respondents neglected their daughters. The testimony of the police officers and social worker contained nothing that established that respondents improperly exerted pressure on the girls to change their statements accusing their half brother of sexually abusing them. The firsthand testimony establishes that respondents were concerned about the allegations and generally cooperated with the police officers, the child protective caseworker, and the children's therapists. As established by the testimony, in direct discussions between respondents and the officers and the caseworker, respondents did not contradict or state their disbelief about the girls' accounts, but merely questioned a single aspect of the account of one of the girls in which she, in contrast to her younger sister, claimed that her half brother had forced her to have sex. The firsthand testimony thus establishes merely that respondents had a disagreement with the authorities concerning the truth of one aspect of one girl's statement. The "pressure" that they are alleged to have brought to bear on the girls consisted of instructing the girls to tell the truth and not to swear to an untruth. That cannot be classified as neglect.

The finding of neglect is not supported by the girls' out-of-court statements to the police officers and the caseworker to the effect that their father instructed them to lie. In our view, the girls' out-of-court statements are incredible insofar as they claimed that their father instructed them to accuse him, rather than their half brother, of sexual abuse. The other statement attributed to the father, his alleged instruction that the girls tell authorities that the incidents never happened, is belied by the firsthand testimony. According to the police

officers and caseworker, respondents, while aware of the contents of the girls' original statements, did not express the belief that the statements were totally fabricated. Instead, respondents unequivocally expressed their belief that "something had happened". The father stated that he wanted the girls to "correct" their statements, not disavow them. Respondents may have persuaded or attempted to persuade one girl to change one part of her story, but there is no credible proof that they knowingly sought to have the girls recant falsely.

Even assuming, arguendo, that the father exerted pressure on his daughters to recant falsely, the record does not support a finding of neglect against the mother or establish that such conduct by the father constituted neglect within the meaning of Family Court Act § 1012 (f) and (h). There is no proof that the father's alleged actions had any impact on their physical, mental, or emotional condition. There is no proof that the alleged pressure influenced the girls not to sign their statements; indeed, they did sign them. Moreover, there is no proof that such alleged pressure resulted in the girls later recanting. The uncontroverted proof is that the girls recanted their statements because, as the girls told their therapists, they were not true. The girls attributed their emotional problems to their having lied in their original statements. Consequently, there is no proof that the girls were harmed by anything that respondents did. (Appeal from Order of Wyoming County Family Court, Newman, J.—Neglect.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.